[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15370
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 26, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-21371-CV-AJ

LEEVAN SANDS,
GABOR MATE,
CLAUDIA DEL POZO,
KARL THANING,
NICHOLAS FOLKER,
HEATHER BRAND,
MIHALY FLASKAY, et al.,

Plaintiffs-Appellants,

versus

U.S. DEPARTMENT OF HOMELAND SECURITY,
Citizenship and Immigration Services by and through
DHS Secretary and USCIS Director Officer 1014,
DAVID ROARK
Director Texas Service Center,
ATTORNEY GENERAL OF THE UNITED STATES,
USDOJ, Attorney General,
TEXAS SERVICE CENTER OFFICER 1014,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

————————————————

**(January 26, 2009)**

Before HULL, PRYOR and COX, Circuit Judges.

PER CURIAM:

Leevan Sands and others filed this putative class action against the United States Department of Homeland Security, Citizenship and Immigration Services, and various officers of these agencies. The class the Plaintiffs seek to represent consists of amateur athletes who have had their I-140 applications (filed under 8 U.S.C. § 1103) denied or revoked, and amateur athletes whose § 1103 applications the Defendants threaten to revoke. The Second Amended Complaint (the version of the complaint the district court addressed) alleges that this action was filed "to compel the defendants to adjudicate" their petitions. (R.2-35 at 1.) It is clear from the complaint, however, that what Plaintiffs seek is a *favorable* adjudication. The complaint does not allege that the Defendants have failed to act, or that there has been unreasonable delay in action on the applications. What is complained of is denial of applications, revocation of applications and threats to revoke applications.

The Second Amended Complaint asserts jurisdiction under 8 U.S.C. § 1329 (the INA), 28 U.S.C. § 1361 (the mandamus statute), 28 U.S.C. § 1331 (federal question jurisdiction), 5 U.S.C. § 555(b) (the Administrative Procedure Act), and supplemental jurisdiction under 28 U.S.C. § 1367(a).

The Defendants moved to dismiss, asserting that the court lacked subject matter jurisdiction. The Plaintiffs' response did not address the Defendants' jurisdictional arguments.

The district court granted the motion to dismiss. (R.2-35 at 1-5.) The court concluded that none of the grounds for subject matter jurisdiction alleged in the complaint supported the Plaintiffs' complaint. Additionally, the court held that the jurisdiction-stripping provisions of the INA contained in 8 U.S.C. § 1252(a)(2)(B)(ii) bar judicial review of discretionary decisions made under 8 U.S.C. §§ 1151-1378 of the INA.

The district court's order (R.2-35 at 1-5) carefully considered each of the bases for jurisdiction in the district court alleged by the Plaintiffs, and correctly concluded that none of them supported jurisdiction to review discretionary decisions to deny visas to aliens of extraordinary ability in the field of athletics under 8 U.S.C. § 1153(b)(1)(A) or to review revocations of such visas under 8 U.S.C. § 1155.

3

The district court carefully concluded that 28 U.S.C. § 1361, the mandamus statute, provides no basis for jurisdiction because the action complained of is discretionary. (R.2-35 at 4.) The court could have also bottomed this conclusion on 8 U.S.C. § 1252 (a)(2)(B), which explicitly strips the district court of jurisdiction under the mandamus statute. The jurisdiction-stripping statute provides:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review–
>
> . . .
>
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii). The phrase "this subchapter" includes 8 U.S.C. §§ 1153(b)(1)(A) and 1155.

The district court's dismissal for want of subject matter jurisdiction is affirmed.

AFFIRMED.