# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1078

_____

Walid El-Baz Abdelwahab; Alice     *
Abdelwahab,     *
    *
       Plaintiffs - Appellants,     *   Appeal from the United States
    *   District Court for the
       v.     *   District of Minnesota.
    *
Denise Frazier, District Director, et al.,     *
    *
       Defendants - Appellees.     *

_____

Submitted: May 14, 2009
Filed: August 26, 2009

_____

Before LOKEN, Chief Judge, EBEL[*] and CLEVENGER,[**] Circuit Judges.

_____

LOKEN, Chief Judge.

This immigration case illustrates how complex laws and procedures and the overlapping jurisdiction of multiple agency offices can result in unfortunate delays in resolving issues of great importance to individual petitioners. In the midst of

_____

[*]The HONORABLE DAVID M. EBEL, United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

[**]The HONORABLE RAYMOND C. CLEVENGER, III, United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

protracted agency proceedings, petitioners Walid El-Baz Abdelwahab, a citizen of Egypt, and his wife Alice, a U.S. citizen, brought this action seeking an order compelling officials of the Department of Homeland Security (DHS) to approve Alice's Form I-130 spousal immigrant visa petition, then pending on appeal, and to set aside the agency's revocation of a previously approved Form I-140 immigrant worker visa petition. When the district court[1] heard argument on the government's motion to dismiss and Abdelwahab's motion for declaratory relief, the I-130 petition had been granted and a hearing was scheduled before the immigration judge (IJ) presiding over pending removal proceedings. The district court dismissed the action, concluding the I-130 issue was moot and the relief requested regarding the still-revoked I-140 petition, though not moot, was beyond the court's jurisdiction. The Abdelwahabs appeal. With the appeal pending, the United States Customs and Immigration Services (USCIS) reinstated the I-140 approval, and the IJ then granted Abdelwahab adjustment of status. We affirm.

## I.

Abdelwahab entered the United States in mid-1997. He married Alice six months later, and she filed a Form I-130 petition in early 1998. The St. Paul District Office of USCIS[2] denied the petition, finding that the couple married for the purpose of evading the immigration laws. DHS then commenced removal proceedings in early 2003 because Abdelwahab had remained in the United States longer than his nonimmigrant visa permitted. See 8 U.S.C. § 1227(a)(1)(B). Four months later, a

---

[1]The HONORABLE JOAN N. ERICKSEN, United States District Judge for the District of Minnesota.

[2]On March 1, 2003, the Department of Homeland Security absorbed the former Immigration and Naturalization Service. See Kirong v. Mukasey, 529 F.3d 800, 802 n.1 (8th Cir. 2008). USCIS, a division of DHS, is responsible for the adjudication of immigrant visa petitions. See 6 U.S.C. § 271(b). Several actions in this case were taken by INS, while others were taken by USCIS or other DHS offices.

Minnesota restaurant filed a Form I-140 employment-based petition on Abdelwahab's behalf with USCIS's Nebraska Service Center. That office approved the I-140 petition in January 2004, unaware that Mrs. Abdelwahab's Form I-130 petition had been denied on account of marriage fraud.[3] Abdelwahab then filed a petition for adjustment of status in the removal proceeding, based on the I-140 approval.

In July 2004, the St. Paul District Office notified Abdelwahab's employer of its intent to exercise discretion under 8 U.S.C. § 1155 to revoke the I-140 approval on account of marriage fraud. However, the IJ denied DHS's motion to continue the removal proceeding and granted Abdelwahab adjustment of status. See 8 U.S.C. § 1255. DHS revoked the I-140 approval and appealed the IJ's decision to the Board of Immigration Appeals (BIA). Meanwhile, in August 2004, the BIA dismissed Abdelwahab's separate administrative appeal from the I-130 denial because no appeal issues had been identified with the notice of appeal. In September 2005, the BIA vacated the IJ's grant of adjustment of status, based upon the I-140 revocation. The BIA denied a motion to reopen the I-130 appeal and remanded for consideration of additional relief "including voluntary departure."

The Abdelwahabs filed this action in district court in July 2006, challenging DHS's denial of the I-130 petition and revocation of the I-140 approval. In May 2007, responding to a motion filed by DHS, the BIA in an opinion sharply critical of DHS's handling of the I-130 petition vacated its order dismissing the I-130 appeal and remanded for *de novo* consideration of the I-130 petition. The St. Paul District Office approved the I-130 petition on remand. At that point, the parties' dispositive cross motions were argued before the district court, six weeks before a scheduled hearing before the IJ in the related but distinct removal proceeding.

---

[3]The Immigration and Nationality Act provides that no employment-based petition may be granted after a determination that an alien married "for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c).

The Abdelwahabs argued to the district court that USCIS incorrectly denied the I-130 petition, and that its St. Paul District Office acted *ultra vires* in revoking the I-140 approval when only the Nebraska Service Center had that authority under the applicable DHS regulations. Defendants argued that the I-130 claim was now moot and that 8 U.S.C. § 1252(a)(2)(B)(ii) stripped the court of jurisdiction to review the discretionary revocation of the I-140 approval. The district court granted defendants' motion to dismiss, concluding (i) that the I-130 claim was moot because, "whatever its flaws at whatever level, the 130 has been granted," and (ii) that the relief sought on the I-140 claim, though not moot, was beyond the court's jurisdiction for a variety of reasons. This appeal followed. With the appeal pending, USCIS reinstated its approval of the I-140 petition, and the IJ then granted adjustment of status.

## II.

On appeal, the Abdelwahabs argue the district court erred in concluding that it lacked jurisdiction to review whether USCIS lawfully revoked its approval of the I-140 petition. Defendants argue the appeal is moot because the I-140 approval has been reinstated and Abdelwahab's status adjusted to lawful permanent resident. Abdelwahab replies that the issue is not moot because the I-140 approval was not reinstated *nunc pro tunc*, which means he must wait four more years before he is eligible to become a naturalized citizen. We put this mootness issue aside and turn to the merits of the district court's decision, reviewing its jurisdictional rulings on undisputed facts *de novo*. State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1108 (8th Cir.), cert. denied, 527 U.S. 1039 (1999) (standard of review).

In revoking the prior I-140 approval, USCIS exercised authority granted by 8 U.S.C. § 1155, which provides, "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." The parties briefed and argued the appeal as though it turns on two related jurisdictional issues – whether

Congress in 8 U.S.C. § 1252(a)(2)(B)(ii) stripped federal courts of jurisdiction to review the agency's exercise of its § 1155 authority, and if so, whether the agency committed an error of law that Congress restored our jurisdiction to review in the later-enacted 8 U.S.C. § 1252(a)(2)(D).[4] The district court decided these questions, but it based its dismissal of the action on other factors as well. We discuss them all.

1. Focusing on the plain language of § 1155 -- the Secretary "may" revoke an I-140 approval "at any time, for what he deems to be good and sufficient cause" -- three circuits have held that § 1155 revocations are actions "specified [by statute] to be in the discretion of . . . the Secretary" within the meaning of § 1252(a)(2)(B)(ii), and therefore not subject to judicial review. See Ghanem v. Upchurch, 481 F.3d 222, 224 (5th Cir. 2007); Jilin Pharmaceutical USA, Inc. v. Chertoff, 447 F.3d 196, 202-05 (3d Cir. 2006); El-Khader v. Monica, 366 F.3d 562, 567-68 (7th Cir. 2004). But see ANA Int'l, Inc. v. Way, 393 F.3d 886, 891-95 (9th Cir. 2004). Like the district court, we agree. See also Onyinkwa v. Ashcroft, 376 F.3d 797, 799 (8th Cir. 2004).

Sidestepping this adverse precedent, the Abdelwahabs argue they raise an issue of law that courts have jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D) -- whether the St. Paul District Office of USCIS acted *ultra vires*, and therefore beyond its discretion, because the Secretary's regulations granted exclusive authority to

---

[4]§ 1252(a)(2)(B)(ii) provides in relevant part: "Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any . . . decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of . . . the Secretary." By its plain language, § 1252(a)(2)(B)(ii) applies to discretionary action not taken in a removal proceeding. Cf. Van Dinh v. Reno, 197 F.3d 427, 431-32 (10th Cir. 1999).

§ 1252(a)(2)(D) provides in relevant part: "Nothing in [§ 1252(a)(2)(B)] . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."

revoke I-140 approvals to DHS's Nebraska Service Center. The Second Circuit reviewed whether USCIS complied with a statutory notice requirement in <u>Firstland International, Inc. v. INS</u>, 377 F.3d 127 (2d Cir. 2004), so there is some support for the general principle.[5] But the argument is flawed in this case.

First, § 1252(a)(2)(D) applies only to questions of law "raised upon a petition for review filed with an appropriate court of appeals." Thus, it does not grant jurisdiction to review questions of law in district court cases. <u>See</u> <u>Hassan v. Chertoff</u>, 543 F.3d 564, 566 (9th Cir. 2008); <u>Hamilton v. Gonzales</u>, 485 F.3d 564, 568 (10th Cir. 2007); <u>Jilin</u>, 447 F.3d at 206 n.16. This does not end the inquiry because, even if § 1252(a)(2)(B) otherwise bars review of a discretionary act, we have jurisdiction to review a "predicate legal question that amounts to a nondiscretionary determination underlying the denial of relief." <u>Ibrahimi v. Holder</u>, 566 F.3d 758, 764 (8th Cir. 2009) (quotation omitted). But the case on which the Abdelwahabs rely for their *ultra vires* contention, <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), reviewed whether the agency exceeded its *statutory* authority. Here, § 1155 gave the Secretary of Homeland Security express authority to revoke the approval of I-140 petitions, and the Secretary has discretion to delegate that authority within USCIS. <u>See</u> 6 U.S.C. § 271(b)(1); 8 C.F.R. § 205.2(a). Whether properly delegated authority was in fact exercised by the proper agency official, when the agency considers the action properly taken, looks like an issue beyond our jurisdiction under § 1252(a)(2)(B)(ii), not a "predicate legal question."[6]

---

[5]The Abdelwahabs' contention that we should review whether USCIS complied with the notice requirement at issue in <u>Firstland</u> is without merit. Congress repealed that requirement *retroactively* in the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, § 5304, 118 Stat. 3638, 3736 (2004).

[6]Though review under the Administrative Procedure Act does not apply to actions "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), this limitation does not bar judicial review if the agency has an established policy governing its exercise of discretion, <u>see</u> <u>INS v. Yang</u>, 519 U.S. 26, 32 (1996). However, as the

Second, even if we may review the issue, the Abdelwahabs failed to establish that the St. Paul District Office had no authority to exercise the Secretary's discretion under the DHS regulations then in effect. The regulations provided that any USCIS officer "authorized to approve [an I-140] petition . . . may revoke the approval of that petition." 8 C.F.R. § 205.2(a) (2004). The regulations further provided that Form I-140 petitions "must be filed with the Service Center having jurisdiction over the intended place of employment, unless specifically designated for local filing . . . ." 8 C.F.R. § 204.5(b) (2004).[7] Therefore, the Abdelwahabs argue, only Service Centers may approve or revoke I-140 petitions. We disagree. A regulation requiring that petitions be filed in one office is not a directive that only that office may take final action on a petition. When the I-140 petition was revoked, District Offices were responsible for administration and enforcement of immigration laws within their assigned geographic areas "unless any such power and authority . . . has been exclusively delegated to another immigration official or class of immigration officer." 8 C.F.R. § 100.2(d)(2)(ii) (2004).[8] Because the power to approve or revoke I-140

---

Ninth Circuit explained in Spencer Enters., Inc. v. United States, 345 F.3d 683, 691 (9th Cir. 2003), § 1252(a)(2)(B)(ii) is a broader prohibition:

> [U]nder the APA, even a decision that is wholly discretionary by statute may be reviewed if regulations or agency practice provide standards by which an agency's conduct may be judged. Under § 1252(a)(2)(B)(ii) . . . if the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable.

We have previously noted that judicial review may be circumscribed "where a procedural rule is designed primarily to benefit the agency in carrying out its functions." Ngure v. Ashcroft, 367 F.3d 975, 983 (8th Cir. 2004).

[7]This provision was amended this year to read: "Form I-140 . . . must be filed in accordance with the instructions on the form." 74 Fed. Reg. at 26,936-37.

[8]This provision and others were removed from the regulations to increase agency efficiency. See 74 Fed. Reg. 26,933 (June 5, 2009) (effective July 6, 2009).

petitions had not been "exclusively delegated to another immigration official or class of immigration officer," id., the Abdelwahabs have failed to prove that the St. Paul District Office acted *ultra vires*. In these circumstances, an extraordinary writ invalidating this otherwise valid agency action may not be granted.

2. Even if judicial review is not foreclosed by § 1252(a)(2)(B)(ii), we would affirm dismissal of the action on the record before the district court. When the district court acted, USCIS had rescinded its marriage fraud finding and granted the I-130 petition. This removed the basis for the I-140 revocation. Although the revocation was still in effect, a hearing was pending before the IJ on remand from the BIA, whose prior ruling triggered the grant of I-130 relief. At this point, there were further administrative remedies to be exhausted, even if those remedies had appeared to be exhausted when the lawsuit was first commenced.

3. Finally, even if the I-140 revocation issue is not moot, the Abdelwahabs seek an improper judicial remedy. They complain that the I-140 approval was not reinstated *nunc pro tunc*. But that is an issue of administrative remedy that must be raised to the agency. If the extent of the remedy is ultimately subject to judicial review -- which is highly doubtful because the extent of an administrative remedy is a quintessentially discretionary agency action -- it may only be reviewed after the agency has considered the question. Instead, the Abdelwahabs seek an interlocutory declaratory judgment that they hope will persuade the agency to grant further relief, or a judicial order usurping the agency's remedial authority. In either event, such relief was clearly beyond the district court's jurisdiction under the Immigration and Nationality Act.

The judgment of the district court is affirmed.

_____

-8-