[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15335
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-21278-AJ

SVETLANA KARPEEVA,
CATALINA CASARU,
LARA PREACCO,
JANA KOLUKANOVA,
NEIL VERSFELD,
Amateur Swimmers,
LEEVAN SANDS,
Olympic Bronze Medalist, et al.,,

Plaintiffs-Appellants,

versus

U.S. DEPARTMENT OF HOMELAND SECURITY CITIZENSHIP
AND IMMIGRATION SERVICES,
by and through DHS Secretary and USCIS Director,
OFFICER 301,
OFFICER 1014,
144 OFFICER,

Defendants-Appellees,

DIRECTOR TEXAS SERVICE CENTER
U.S. IMMIGRATION AND CITIZENSHIP SERVICES.
David L. Roark, et al.,

———————————————

Appeal from the United States District Court
for the Southern District of Florida

———————————————

(June 28, 2011)

Before EDMONDSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

The Plaintiffs appeal the denial of their motion for leave to file a third amended complaint. The district court ruled that the Plaintiffs' proposed amendment was futile. After review, we affirm.

## I. BACKGROUND

The Plaintiffs are foreign amateur athletes, primarily swimmers, who filed I-140 petitions for preference visas, pursuant to Immigration and Nationality Act ("INA") § 203(b)(1)(A), 8 U.S.C. § 1153(b)(1)(A), based on their extraordinary athletic ability. Because their claims arise out of the revocation of their previously approved I-140 petitions, we first outline the procedures for granting and revoking I-140 visa petitions.

**A.     I-140 Petition Procedures**

The INA gives "[a]liens with extraordinary ability" work visa preference as "priority workers." INA § 203(b)(1)(A), 8 U.S.C. § 1153(b)(1)(A). An alien qualifies for this preference if:

> (i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,
> (ii) the alien seeks to enter the United States to continue to work in the area of extraordinary ability, and
> (iii) the alien's entry into the United States will substantially benefit prospectively the United States.

Id. § 203(b)(1)(A), 8 U.S.C. § 1153(b)(1)(A). An alien wanting classification as an alien of "with extraordinary ability" files an I-140 petition with the Attorney General. INA § 204(a)(1)(E), 8 U.S.C. § 1154(a)(1)(E); 8 C.F.R. § 204.5(a), (h). The I-140 petition "must be accompanied by evidence that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3). The regulations: (1) list the kinds of evidence that demonstrates the requisite acclaim and achievements, and (2) provide that if that evidence does "not readily apply to the beneficiary's occupation," comparable evidence can be submitted. 8 C.F.R. § 204.5(h)(4). Although the alien is not required to have an offer of employment, "the petition must be accompanied by clear evidence that the alien is coming to the

3

United States to continue work in the area of expertise." 8 C.F.R. § 204.5(h)(5). "Such evidence may include letter(s) from prospective employer(s), evidence of prearranged commitments such as contracts, or a statement from the beneficiary detailing plans on how he or she intends to continue his or her work in the United States." Id. After investigation, the I-140 petition is either approved or denied pursuant to INA § 204(b), 8 U.S.C. § 1154(b).[1]

Once an I-140 petition is granted, "the Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke an application." 8 U.S.C. § 1155; see also 8 C.F.R. § 205.2(a). Before revoking an approved I-140 petition, the USCIS officer must issue a notice of intent, and the alien is given an opportunity to offer evidence in support of the I-140 petition and to oppose the grounds for revocation. 8 C.F.R. § 205.2(b). After the decision to revoke the I-140 petition is made, the alien is provided written notice explaining the reasons for the decision. Id. § 205.2(c). The alien may appeal the revocation decision to the Associate Commissioner for Examinations. See id. § 203.2(d).

B.    **Plaintiffs' Complaint**

---

[1] If the I-140 petition is approved and a visa is available, the alien is given notice to file a Form I-485 for adjustment to permanent residence if the alien has not already done so. 8 C.F.R. § 204.5(n)(1). If the I-140 petition is denied, the alien is given notice of the reasons for the denial and may appeal to the Associate Commissioner for Examinations. Id. § 204.5(n)(2).

The Plaintiffs' I-140 petitions were initially approved but later revoked because the Plaintiffs did not provide evidence either (1) that their primary occupation and source of income in the United States would be in their respective sports or (2) that they had received national or international acclaim or had achievements recognized in their sport.

On May 12, 2009, the Plaintiffs filed this putative class action against the Department of Homeland Security ("DHS"), the United States Citizenship and Immigration Service ("USCIS"), the division of DHS that processes immigrant visa applications, and several immigration officials at the USCIS's Texas Service Center who denied or revoked approval of the Plaintiffs' I-140 petitions. The Plaintiffs alleged that the Defendants used an irrational basis to revoke their I-140 petitions because evidence that the Plaintiffs could earn their primary income in their sports "does not exist in reality." The Plaintiffs provided to the immigration officials the expert opinion of Oussama Mellouli, an Olympic gold medalist in swimming, that competitive swimmers are not paid to compete and train and must hold other jobs to support themselves.

The Plaintiffs sought a preliminary injunction to correct the Defendants' "irrational acts and behavior" and a temporary restraining order to bring the irrational acts "to an immediate end." The complaint alleged that subject matter

jurisdiction existed pursuant to INA § 279, 8 U.S.C. § 1329, 28 U.S.C. §§ 1331, the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), and that the district court had supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over all other claims.

## C.    Dismissal Order

On August 12, 2009, the district court granted the Defendants' motion to dismiss for lack of subject matter jurisdiction.  The district court concluded that none of the statutes alleged in the Plaintiffs' complaint provided subject matter jurisdiction.

The district court also noted that the Plaintiffs' opposition brief contended they had asserted a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971).  The district court explained that a new claim could not be raised in a brief, but advised the Plaintiffs that they were "free to file an amended complaint asserting any Bivens claims."

## C.    Second Amended Complaint

After the district court's order, the Plaintiffs filed a second amended complaint alleging a Bivens claim.  Specifically, the second amended complaint alleged that the individual Defendants, Officers 75, 301 and 1014 at the Texas Service Center and its director, David Roark, were unlawfully, irrationally and

6

criminally "targeting" the Plaintiffs' I-140 petitions for revocation in retaliation

for earlier lawsuits, thereby violating the Plaintiffs' Fifth Amendment due process

rights.[2]  The second amended complaint reasserted the same jurisdictional bases –

the INA (8 U.S.C. § 1329), the Mandamus Act (23 U.S.C. § 1361), the APA (5

U.S.C. § 555(b)), federal question jurisdiction (28 U.S.C. § 1331), and

supplemental jurisdiction (28 U.S.C. § 1367) – and added that the district court

also had "jurisdiction under Bivens to correct the unlawful, irrational and criminal

acts and conduct" of the individual defendants.

## D.    Second Dismissal Order

On May 28, 2010, the district court granted the Defendants' motion to

dismiss the second amended complaint.  The district court again concluded that,

with the exception of 28 U.S.C. § 1331, the statutes the Plaintiffs relied upon did

not supply subject matter jurisdiction.[3]  Although the district court found that the

---

[2]Many of the named Plaintiffs, represented by the same counsel, filed individual lawsuits against the Defendants challenging the denial or revocation of their I-140 petitions.  See Bathazi v. U.S. Dep't of Homeland Sec., 667 F. Supp.2d 1375, 1377 n.2, 1378-79 (S.D. Fla. 2009) (listing ten cases and ordering Bathazi's counsel to show cause why he should not be subject to Rule 11 sanctions for persistently filing frivolous challenges to the I-140 adjudication process). In addition, Plaintiffs' counsel filed a mandamus action against DHS, which was dismissed for failure to state a claim.  See Sibley v. U.S. Dep't of Homeland Sec., No. 07-cv-21309 (S.D. Fla. July 24, 2008).

[3]The district court dismissed the non-Bivens claims of plaintiffs Leevan Sands and Istvan Bathazi on collateral estoppel grounds because their earlier, very similar actions were dismissed for lack of subject matter jurisdiction.

Bivens claim against the individual Defendants provided a basis for federal question jurisdiction under § 1331, that Bivens claim failed on the merits under Federal Rule of Civil Procedure 12(b)(6). Specifically, the district court determined that: (1) an official's erroneous or irrational decision based on a presumptively valid statute does not constitute a constitutional violation; and (2) aliens do not have a constitutionally protected interest in discretionary immigration decisions. The district court dismissed the second amended complaint without prejudice and gave the Plaintiffs until June 9, 2010 to file a motion for leave to file a third amended complaint.

### E.    Denial of Motion for Leave To File Third Amended Complaint

The Plaintiffs filed a timely motion for leave to file a third amended complaint and attached a proposed third amended complaint. The Plaintiffs' motion argued that the third amended complaint stated a proper Bivens claim because the individual Defendants' decisions to deny or revoke already approved I-140 petitions was made without a rational explanation, departed from established policies and rested on an impermissible basis. The Plaintiffs cited recent decisions from the Administrative Appeals Office that a swimmer need only provide evidence that he or she would continue to participate in competitive swimming at the national or international level by swimming or coaching.

On November 2, 2010, the district court denied the Plaintiffs' motion for leave to file a third amended complaint.  The district court found that the proposed amendment would be futile and adopted and incorporated its prior May 28, 2010 dismissal order.  With respect to the Bivens claim, the district court reiterated that: (1) there is no Bivens liability because the individual Defendants relied on a presumptively valid statute in denying or revoking the Plaintiffs' I-140 petitions; and (2) a visa does not constitute a liberty or property interest protected by the Fifth Amendment.  On November 16, 2010, the Plaintiffs timely appealed as to the district court's November 2, 2010 order denying the Plaintiffs' motion for leave to file a third amended complaint.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 15, once amendment as a matter of course is no longer available, a party may amend a pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Although "[t]he court should freely give leave when justice so requires," id., the court need not "allow an amendment . . . [that] would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

"We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law de novo."  Coventry First,

9

LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010) (quotation marks omitted). Thus, we review de novo a district court's ruling that a particular amendment to a complaint would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). A proposed amendment is futile if the "'complaint as amended would still be properly dismissed.'" Coventry First, LLC, 605 F.3d at 870 (quoting Cockrell, 510 F.3d at 1310).

After review, we conclude that, in denying the Plaintiffs' motion for leave to amend, the district court correctly determined that (1) it lacked jurisdiction under the INA to review of the revocation of the Plaintiffs' I-140 petitions; (2) the only proper basis for subject matter jurisdiction alleged in the plaintiffs' proposed third amended complaint was federal question jurisdiction under 28 U.S.C. § 1331 for the Plaintiffs' Bivens claim; and (3) the Plaintiffs' third amended complaint failed to state a Bivens claim.

## A. Jurisdiction under the INA

Federal question jurisdiction under 28 U.S.C. § 1331 is not available if judicial review is precluded by statute. See Califano v. Sanders, 430 U.S. 99, 107-108, 97 S. Ct. 980, 985 (1977). Thus, we first address whether the INA, specifically § 1252(a)(2)(B), precludes judicial review of USCIS's revocation of

10

previously approved I-140 petitions.[4]

Under the INA, federal courts do not have jurisdiction to review denials of discretionary relief by the Attorney General or the Secretary of DHS, as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . ., and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review- -
> . . .
>> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B).[5] The phrase "under this subchapter" refers to Title 8, Chapter 12, Subchapter II, which encompasses 8 U.S.C. §§ 1151 through 1381. Kucana v. Holder, ___ U.S. ___, 130 S. Ct. 827, 832 n.3 (2010). Furthermore, § 1252(a)(2)(B) applies only to decisions made discretionary by the statutes in Subchapter II and does not apply to decisions made

---

[4]Although the Plaintiffs' proposed third amended complaint alleges that I-140 petitions were "denied" and "revoked," a thorough reading of that proposed complaint indicates that all the named Plaintiffs' I-140 petitions were initially approved and the approvals were later revoked pursuant to 8 U.S.C. § 1155. Thus, we do not address whether § 1252(a)(2)(B) precludes review of initial denials of I-140 petitions pursuant to 8 U.S.C. § 1153(b)(1)(A).

[5]Subparagraph (D) preserves judicial review of constitutional claims or questions of law raised in a petition for review filed in the Court of Appeals. INA § 242(a)(2)(D); 8 U.S.C. § 1252(a)(2)(D). Given that this action originated in the district court, the subparagraph (D) exception does not apply.

discretionary by regulation.  Kucana, ___ U.S. at ___, 130 S. Ct. at 836-40.

The USCIS revoked the approval of Plaintiffs' I-140 petitions pursuant to § 1155, which falls within Subchapter II.[6]  Furthermore, the language of § 1155 explicitly gives the Secretary of Homeland Security broad discretion to revoke the approval of a visa petitions, as follows:

> The Secretary of Homeland Security <u>may, at any time, for what he deems to be good and sufficient cause</u>, revoke the approval of any petition approved by him under section 1154 of this title.

8 U.S.C. § 1155 (emphasis added).  Given the statutory discretion conferred upon the Secretary to revoke approved visa petitions, we agree with the other circuits that have concluded that § 1252(a)(2)(B) precludes judicial review of visa revocation decisions made pursuant to § 1155.  See, e.g., Green v. Napolitano, 627 F.3d 1341, 1344-46 (10th Cir. 2010); Abdelwahab v. Frazier, 578 F.3d 817, 821 (8th Cir. 2009); Ghanem v. Upchurch, 481 F.3d 222, 224-25 (5th Cir. 2007); Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 200-205 (3d Cir. 2006). Accordingly, to the extent the Plaintiffs' proposed third amended complaint sought review of the agency's revocation of their approved I-140 petitions, the

---

[6]The Plaintiffs' contention that their action falls outside § 1252(a)(2)(B) because it is a putative class action is without merit.  The conduct that gives rise to Plaintiffs' claims is the USCIS's revocation of the approval of their I-140 petitions, which, pursuant to § 1155, is "any other decision or action" of the Secretary of Homeland Security, within the meaning of § 1252(a)(2)(B).

district court properly denied leave to amend as futile.

## B. <u>Bivens</u> Claim

The Plaintiffs' proposed <u>Bivens</u> claim alleges a violation of their Fifth Amendment due process rights.  The gravamen of the claim was that "rogue" immigration officials targeted their I-140 petitions for revocation in retaliation for prior lawsuits filed by their attorney.

To state a due process claim, a plaintiff must allege a deprivation of a property or liberty interest protected by the Fifth Amendment.  <u>Cook v. Wiley</u>, 208 F.3d 1314, 1322 (11th Cir. 2000).  In the immigration context, we have repeatedly concluded that where an alien seeks discretionary relief, there is no such constitutionally protected liberty or property interest.  <u>See</u> <u>Scheerer v. U.S. Att'y Gen.</u>, 513 F.3d 1244, 1253 (11th Cir. 2008) (involving denial of motion to reopen removal proceedings so alien could apply for adjustment of status); <u>Garcia v. Att'y Gen. of U.S.</u>, 329 F.3d 1217, 1223-34 (11th Cir. 2003) (involving waiver of excludability);  <u>Zafar v. U.S. Att'y Gen.</u>, 461 F.3d 1357, 1367-68 (11th Cir. 2006) (involving denial of continuance of removal proceedings); <u>Tefel v. Reno</u>, 180 F.3d 1286, 1299-1302 (11th Cir. 1999) (involving denial of applications for suspension of deportation); <u>see also</u> <u>Knoetze v. U.S. Dep't of State</u>, 634 F.2d 207, 211-12 (5th Cir. Unit B 1981) (rejecting due process claim involving Secretary of State's

revocation of consular non-immigrant visa because revocation does not result in immediate deportation and deportation proceedings have "significant procedural safeguards").[7]

As discussed above, § 1155 does not limit the Secretary's discretion in making visa revocation decisions. As such, an alien's expectation that the approval of his or her I-140 petition will not be revoked does not give rise to a liberty or property interest protected by the Fifth Amendment.[8] Even assuming arguendo that the Plaintiffs had a constitutionally protected interest in retaining their work visas, agency regulations provide notice and an opportunity to be heard before work visas are revoked and an appeal process. See 8 C.F.R. § 205.2. The Plaintiffs do not allege that they were deprived of these procedural safeguards. Thus, the district court correctly concluded that Plaintiffs' proposed third amended complaint did not allege the violation of a Fifth Amendment due process right and thus failed to state a Bivens claim.

**AFFIRMED.**

---

[7]We have adopted as binding precedent decisions issued by Unit B panels of the former Fifth Circuit. Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

[8]On appeal, Plaintiffs argue that they have a property interest because they filed I-485 applications for adjustment of status, which gave them work authorizations. The Plaintiffs did not make this argument in the district court, and their proposed third amended complaint does not contain allegations about I-485 applications. For these reasons, we consider only whether the alleged revocation of the Plaintiffs' approved I-140 petitions stated a due process claim.

14