# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3623

_____

Sriram Rajasekaran; Kasthuri Sriramvenugopal; Mughil Sriramvenugopal

*Plaintiffs - Appellants*

v.

Mark Hazuda, Director, Nebraska Service Center, U.S. Citizenship and
Immigration Services; Leon Rodriguez, Director, United States Citizenship and
Immigration Services; Eric H. Holder, Jr., Attorney General of the United States;
Jeh Johnson, Secretary, Department of Homeland Security

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: September 22, 2015
Filed: December 1, 2015

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge

The U.S. Citizenship and Immigration Services ("USCIS") revoked an I-140
petition and then denied Sriram Rajasekaran's I-485 adjustment-of-status application.

Rajasekaran sought judicial review. The district court[1] dismissed for lack of subject-matter jurisdiction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

To hire an immigrant-worker, an employer must file an I-140 petition with USCIS. **INA § 203(b)(2)**. Once approved, the immigrant can file an I-485 adjustment-of-status application. **8 U.S.C. § 1255**. The American Competitiveness in the Twenty-First Century Act of 2000 ("AC21") creates a job-portability mechanism: if an I-485 application is not adjudicated within 180 days, the underlying I-140 petition remains valid if the immigrant changes jobs ("ports"), so long as the immigrant stays in the same or similar occupational classification. **8 U.S.C. § 1154(j)**. Porting eliminates the need for the new employer to file an I-140 petition on the immigrant's behalf. *Id.*

The Attorney General may revoke an approved I-140 petition "at any time, for what he deems to be good and sufficient cause. . . ." **8 U.S.C. § 1155**. Notice of an intent to revoke must be sent to the employer-petitioner. **8 C.F.R. § 205.2(b)**. USCIS must allow the employer to examine evidence "which constitutes the basis for the decision. . . ." **§ 103.2(b)(16)**. The employer may submit evidence to support the petition, and if revoked, may appeal. *Id.*; **§ 205.2(c), (d)**. The beneficiary of a petition—the immigrant-worker—has no standing to appeal to the agency for review of an I-140 revocation. **§ 103.3(a)(1)(iii)(B)**.

Rajasekaran is a native and citizen of India. In 2006, Pacific West Corporation filed an I-140 petition on his behalf. USCIS approved it. Rajasekaran and his family filed I-485 adjustment-of-status applications, which remained unadjudicated for more

---

[1]The Honorable Richard G. Kopf, Senior United States District Judge for the District of Nebraska.

than 180 days. Rajasekaran ported twice to new employers. Neither filed an I-140 petition on his behalf. In 2012, Pacific West closed. Later that year, USCIS issued a Notice of Intent to Revoke the I-140 petition by Pacific West on behalf of Rajasekaran. The Notice was sent to Pacific West and its lawyer, alleging the I-140 petition was fraudulently filed. Pacific West did not respond.

Rajasekaran learned of the Notice through Pacific West's lawyer. He responded, requesting more specific information about the allegations. USCIS provided nothing further. Instead, it revoked the I-140 petition for cause, denied Rajasekaran's motion to reopen/reconsider, and denied his I-485 application. Rajasekaran sought judicial review. He argued that USCIS had revoked the I-140 petition without fully disclosing the basis for the revocation as required by 8 C.F.R. § 103.2(b)(16). He also contested the I-485 denial.

On a motion for summary judgment, the district court dismissed the action without prejudice for lack of subject-matter jurisdiction. This court reviews *de novo* questions of law, jurisdictional questions, and decisions on summary judgment motions. *Abdelwahab v. Frazier*, 578 F.3d 817, 820 (8th Cir. 2009); *Rochling v. Dep't of Veterans Affairs*, 725 F.3d 927, 937 (8th Cir. 2013); *Bernal-Rendon v. Gonzales*, 419 F.3d 877, 880 (8th Cir. 2005).

II.

Rajasekaran challenges the I-140 revocation, alleging USCIS did not comply with the disclosure requirements in 8 C.F.R. § 103.2(b)(16). Courts lack jurisdiction to review any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is . . . in the discretion of the Attorney General or the Secretary of Homeland Security. . . ." **8 U.S.C. § 1252(a)(2)(B)(ii)**. Accordingly, an I-140 revocation is generally unreviewable. *See Abdelwahab*, 578 F.3d at 821. However, still reviewable is "a predicate legal question that amounts to

a nondiscretionary determination underlying the denial of relief." *Id.*, *quoting* ***Ibrahimi v. Holder***, 566 F.3d 758, 763-64 (8th Cir. 2009). *Accord* ***Mejia Rodriguez v. U.S. Dept. of Homeland Sec.***, 562 F.3d 1137, 1144-45 (11th Cir. 2009) (holding that despite § 1252(a)(2)(B)(ii), the court had jurisdiction over statutory eligibility determinations underlying a Temporary Protected Status application).

Whether an agency exceeds its *statutory* authority is necessarily a predicate legal question; whether an agency exceeds its *regulatory* authority is not. *Compare* ***Ibrahimi***, 566 F.3d at 764 (reviewing whether the BIA correctly found an alien statutorily ineligible for a good-faith-marriage waiver), *with* ***Abdelwahab***, 578 F.3d at 821. "[I]f the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable." ***Abdelwahab***, 578 F.3d at 821 n.6, *quoting* ***Spencer Enters., Inc. v. United States***, 345 F.3d 683, 691 (9th Cir. 2003). Applying that distinction, the *Abdelwahab* case held district courts lack jurisdiction to review whether the proper USCIS office revoked an I-140 petition under regulation 8 C.F.R. § 205.5(a). *Id.* Similarly here, the district court lacks jurisdiction to consider whether USCIS failed to comply with disclosure requirements under regulation 8 C.F.R. § 103.2(b)(16).

The district court properly dismissed this claim for lack of subject-matter jurisdiction.

## III.

Rajasekaran argued that he was statutorily eligible for adjustment-of-status under the job-portability provision of AC21. To be eligible, an immigrant must satisfy three requirements: (1) the immigrant must submit an I-485 application, (2) the immigrant must be eligible to receive an immigrant visa and be admissible for permanent residence, and (3) the visa must be immediately available. **8 U.S.C. § 1255(a)**.

A valid I-140 petition satisfies the second requirement for adjustment-of-status. Under AC21's job-portability provision, an I-140 "shall *remain* valid" if an immigrant changes jobs. **8 U.S.C. § 1154(j)** (emphasis added). That is, an I-140 petition is valid after porting if it was valid to begin with. *See Matter of Al Wazzan*, 25 I & N Dec. 359, 365-67 (Admin. App. Off. 2010) (noting that porting occurs only if the I-140 petition was "'valid' to begin with," that is "filed for an alien who is 'entitled' to the requested classification").

Here, Rajasekaran could not port his I-140 because the I-140 was not valid to begin with: USCIS found numerous petition deficiencies in its investigation of Pacific West's fraud. Rajasekaran is not statutorily eligible to adjust status.[2]

---

[2] The district court ruled it could not review this question, citing 8 U.S.C. § 1252(a)(2)(B)(i) (courts lack jurisdiction to review "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of [the INA]"). Rajasekaran challenges this ruling.

The circuits disagree whether courts can review questions of statutory eligibility for § 1255 relief. *Compare Mamigonian v. Biggs*, 710 F.3d 936, 945 (9th Cir. 2013) ("[D]istrict courts have jurisdiction to hear cases challenging final agency determinations respecting eligibility for the immigration benefits enumerated in 8 U.S.C. § 1252(a)(2)(B)(i) made on nondiscretionary grounds, provided there is no pending removal proceeding in which an alien could apply for such benefits."); *Pinho v. Gonzales*, 432 F.3d 193, 204 (3d Cir. 2005) ("Determination of *eligibility* for adjustment of status—unlike the *granting* of adjustment itself—is a purely legal question and does not implicate agency discretion."), *with Lee v. USCIS*, 592 F.3d 612, 618-20 (4th Cir. 2010) ("[T]he denial of an application for adjustment of status under § 1255(i) is not amenable to judicial review.").

This question of statutory interpretation need not be addressed here. *See Lukowski v. I.N.S.*, 279 F.3d 644, 647 n.1 (8th Cir. 2002), *citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95-104 (1998).

\* \* \* \* \* \* \*

The dismissal is affirmed.

_____