# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3623

———————————————

Sriram Rajasekaran; Kasthuri Sriramvenugopal; Mughil Sriramvenugopal

*Plaintiffs - Appellants*

v.

Mark Hazuda, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services; Leon Rodriguez, Director, United States Citizenship and Immigration Services; Eric H. Holder, Jr., Attorney General of the United States; Jeh Johnson, Secretary, Department of Homeland Security

*Defendants - Appellees*

————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

————————

Submitted: September 22, 2015
Filed: January 29, 2016

————————

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

————————

BENTON, Circuit Judge

The U.S. Citizenship and Immigration Services ("USCIS") revoked an I-140 petition and then denied Sriram Rajasekaran's I-485 adjustment-of-status application.

Rajasekaran sought judicial review. The district court[1] dismissed for lack of subject-matter jurisdiction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.[2]

I.

To hire an immigrant-worker, an employer must file an I-140 petition with USCIS. **INA § 203(b)(2)**. Once approved, the immigrant can file an I-485 adjustment-of-status application. **8 U.S.C. § 1255**. The American Competitiveness in the Twenty-First Century Act of 2000 ("AC21") creates a job-portability mechanism: if an I-485 application is not adjudicated within 180 days, the underlying I-140 petition remains valid if the immigrant changes jobs ("ports"), so long as the immigrant stays in the same or similar occupational classification. **8 U.S.C. § 1154(j)**. Porting eliminates the need for the new employer to file an I-140 petition on the immigrant's behalf. ***Id.***

The Attorney General may revoke an approved I-140 petition "at any time, for what he deems to be good and sufficient cause. . . ." **8 U.S.C. § 1155**. Notice of an intent to revoke must be sent to the employer-petitioner. **8 C.F.R. § 205.2(b)**. USCIS must allow the employer to examine evidence "which constitutes the basis for the decision. . . ." **§ 103.2(b)(16)**. The employer may submit evidence to support the petition, and if revoked, may appeal. ***Id.***; **§ 205.2(c), (d)**. The beneficiary of a petition—the immigrant-worker—has no standing to appeal to the agency for review of an I-140 revocation. **§ 103.3(a)(1)(iii)(B)**.

---

[1] The Honorable Richard G. Kopf, Senior United States District Judge for the District of Nebraska.

[2] This court's prior opinion of December 1, 2015, is hereby vacated and this opinion substituted for it. The pending Petition for Panel Rehearing is denied as moot.

Rajasekaran is a native and citizen of India. In 2006, Pacific West Corporation filed an I-140 petition on his behalf. USCIS approved it. Rajasekaran and his family filed I-485 adjustment-of-status applications, which remained unadjudicated for more than 180 days. Rajasekaran ported twice to new employers. Neither filed an I-140 petition on his behalf. In 2012, Pacific West closed. Later that year, USCIS issued a Notice of Intent to Revoke the I-140 petition by Pacific West on behalf of Rajasekaran. The Notice was sent to Pacific West and its lawyer, alleging the I-140 petition was fraudulently filed. Pacific West did not respond.

Rajasekaran learned of the Notice through Pacific West's lawyer (who also represented Rajasekaran). He responded, requesting more specific information about the allegations. USCIS provided nothing further. Instead, it revoked the I-140 petition for cause, denied Rajasekaran's motion to reopen/reconsider, and denied his I-485 application. Rajasekaran sought judicial review. He argued that USCIS had revoked the I-140 petition without fully disclosing the basis for the revocation as required by 8 C.F.R. § 103.2(b)(16). He also contested the I-485 denial.

On a motion for summary judgment, the district court dismissed the action without prejudice for lack of subject-matter jurisdiction. This court reviews *de novo* questions of law, jurisdictional questions, and decisions on summary judgment motions. ***Abdelwahab v. Frazier***, 578 F.3d 817, 820 (8th Cir. 2009); ***Rochling v. Dep't of Veterans Affairs***, 725 F.3d 927, 937 (8th Cir. 2013); ***Bernal-Rendon v. Gonzales***, 419 F.3d 877, 880 (8th Cir. 2005).

II.

Rajasekaran challenges the I-140 revocation, alleging USCIS did not comply with the disclosure requirements in 8 C.F.R. § 103.2(b)(16). Courts lack jurisdiction to review any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is . . . in the discretion of the Attorney

General or the Secretary of Homeland Security. . . ." **8 U.S.C. § 1252(a)(2)(B)(ii)**. "If the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable."*Abdelwahab*, 578 F.3d at 821 n.6, *quoting Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir. 2003) (internal citations omitted). Accordingly, an I-140 revocation is generally unreviewable. *See Id.* at 821; *Mantena v. Johnson*, 2015 WL 9487867, at *5 (2d Cir. Dec. 30, 2015) (and cases cited within). However, still reviewable is "a predicate legal question that amounts to a nondiscretionary determination underlying the denial of relief." *Abdelwahab*, 578 F.3d at 821, *quoting Ibrahimi v. Holder*, 566 F.3d 758, 764 (8th Cir. 2009). *Accord Mejia Rodriguez v. U.S. Dept. of Homeland Sec.*, 562 F.3d 1137, 1144-45 (11th Cir. 2009) (holding that despite § 1252(a)(2)(B)(ii), the court had jurisdiction over statutory eligibility determinations underlying a Temporary Protected Status application).

Whether an agency exceeds its *statutory* authority is necessarily a predicate legal question; whether an agency exceeds its *regulatory* authority is not necessarily a predicate legal question. *Compare Ibrahimi*, 566 F.3d at 764 (reviewing whether the BIA correctly found an alien statutorily ineligible for a good-faith-marriage waiver), *with Abdelwahab*, 578 F.3d at 821 (holding no jurisdiction to review whether the proper USCIS office revoked an I-140 petition under 8 C.F.R. § 205.5(a)). Courts review an agency's compliance with its own regulations when, for example, the rules were "intended primarily to confer important procedural benefits upon individuals in the face of otherwise unfettered discretion. . . ." *American Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 538-39 (1970). However, "where a procedural rule is designed primarily to benefit the agency in carrying out its functions, judicial review may be circumscribed." *Ngure v. Ashcroft*, 367 F.3d 975, 983 (8th Cir. 2004) (holding the court lacked jurisdiction to review the BIA's decision to affirm-without-opinion the denial of an asylum application). Also, courts consider whether "it is not possible to devise an adequate standard of review for an agency action." *Id.* at 982, *citing ICC v. Brotherhood of Locomotive Engineers*, 482 U.S.

270, 282 (1987).

USCIS notified the lawyer for both Rajasekaran and Pacific West of the reasons for revoking the I-140 petition. Rajasekaran complains that the notice was insufficiently detailed and not addressed to him directly, and that USCIS then revoked Pacific West's I-140 without giving him adequate opportunity to respond to the fraud charges. These complaints do not overcome Congress's broad prohibition of judicial review in § 1252(a)(2)(B)(ii), nor "the tradition of agency discretion over internal procedures." *Id.* at 983. This court therefore lacks jurisdiction to review the agency's discretionary procedural decisions, such as how to respond to discovery demands by those asserting an interest in the proceedings.

The district court properly dismissed this claim for lack of subject-matter jurisdiction.

### III.

Rajasekaran argued that he was statutorily eligible for adjustment-of-status under the job-portability provision of AC21. To be eligible, an immigrant must satisfy three requirements: (1) the immigrant must submit an I-485 application, (2) the immigrant must be eligible to receive an immigrant visa and be admissible for permanent residence, and (3) the visa must be immediately available. **8 U.S.C. § 1255(a)**.

A valid I-140 petition satisfies the second requirement for adjustment-of-status. Under AC21's job-portability provision, an I-140 "shall *remain* valid" if an immigrant changes jobs. **8 U.S.C. § 1154(j)** (emphasis added). That is, an I-140 petition is valid after porting if it was valid to begin with. *See **Matter of Al Wazzan***, 25 I & N Dec. 359, 365-67 (Admin. App. Off. 2010) (noting that porting occurs only if the I-140 petition was "'valid' to begin with," that is "filed for an alien who is 'entitled' to the

requested classification").

Here, Rajasekaran could not port his I-140 because the I-140 was not valid to begin with: USCIS found numerous petition deficiencies in its investigation of Pacific West's fraud. Rajasekaran is not statutorily eligible to adjust status.[3]

* * * * * * *

The dismissal is affirmed.

_____

---

[3] The district court ruled it could not review this question, citing 8 U.S.C. § 1252(a)(2)(B)(i) (courts lack jurisdiction to review "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of [the INA]"). Rajasekaran challenges this ruling.

The circuits disagree whether courts can review questions of statutory eligibility for § 1255 relief. *Compare* **Mamigonian v. Biggs**, 710 F.3d 936, 945 (9th Cir. 2013) ("[D]istrict courts have jurisdiction to hear cases challenging final agency determinations respecting eligibility for the immigration benefits enumerated in 8 U.S.C. § 1252(a)(2)(B)(i) made on nondiscretionary grounds, provided there is no pending removal proceeding in which an alien could apply for such benefits."); **Pinho v. Gonzales**, 432 F.3d 193, 204 (3d Cir. 2005) ("Determination of *eligibility* for adjustment of status—unlike the *granting* of adjustment itself—is a purely legal question and does not implicate agency discretion."), *with* **Lee v. USCIS**, 592 F.3d 612, 618-20 (4th Cir. 2010) ("[T]he denial of an application for adjustment of status under § 1255(i) is not amenable to judicial review.").

This question of statutory interpretation need not be addressed here. *See* **Lukowski v. I.N.S.**, 279 F.3d 644, 647 n.1 (8th Cir. 2002), *citing* **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 95-104 (1998).