FILED
United States Court of Appeals
Tenth Circuit

December 21, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

REGINALD GREEN; NJIDEKA
FRANCES ABAJUE,

Plaintiffs-Appellants,

v.

JANET NAPOLITANO, Secretary of
Homeland Security; DISTRICT
DIRECTOR DENVER DISTRICT
OFFICE OF THE UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Defendants-Appellees.

No. 10-1156

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:09-CV-01105-WYD-MEH)

Submitted on the briefs:[*]

Olusegun Asekun, The Law Office of Olu Asekun, Arlington, Texas, for
Plaintiffs-Appellants.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

Tony West, Assistant Attorney General, Civil Division, Samuel P. Go, Senior Litigation Counsel, Flor M. Suarez, Trial Attorney, United States Department of Justice, Washington, D.C., for Defendants-Appellees.

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

---

**TYMKOVICH**, Circuit Judge.

---

In this immigration appeal, we are asked to determine whether a decision under 8 U.S.C. § 1155 to revoke a petition for immigrant status is discretionary. If so, the decision is unreviewable in district court, because 8 U.S.C. § 1252(a)(2)(B)(ii) strips courts of the jurisdiction to review certain discretionary decisions.[1] Like the parties, the district court believed that this was a question of first impression in this circuit; it predicted we would follow those courts that have concluded a § 1155 revocation is discretionary and hence not subject to judicial review. In fact, we already have addressed whether a § 1155 revocation is a discretionary decision, albeit in a slightly different jurisdictional context. In *Hamilton v. Gonzales*, 485 F.3d 564, 568 (10th Cir. 2007), we concluded that a § 1155 "revocation decision is a discretionary act" for purposes of

---

[1] The pertinent parts of these statutes are set forth below. Unless otherwise noted, all further statutory references are to the current version of Title 8 of the United States Code.

-2-

§ 1252(a)(2)(B)(ii) and that, absent a final order of removal, we lacked jurisdiction to review constitutional and legal questions related to it.

Here, we apply *Hamilton* to the question of the district court's jurisdiction. We conclude that § 1252(a)(2)(B)(ii) strips a district court of jurisdiction to review a § 1155 revocation. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's judgment dismissing the case for lack of jurisdiction.

## I. Background

Reginald Green is a United States citizen married to Njideka Frances Abajue, a Nigerian citizen. Mr. Green filed a form I-130 Petition for Alien Relative with the United States Citizenship and Immigration Services (USCIS) on behalf of his wife. The petition was approved under § 1154 but later revoked under § 1155, after Ms. Abajue's former spouse stated during an immigration interview that their prior marriage was fraudulent and entered into solely for immigration purposes. Section 1155 provides: "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title."

Mr. Green appealed, but the Board of Immigration Appeals affirmed the revocation, noting that Ms. Abajue's former spouse made his statement in connection with the withdrawal of an I-130 petition he had filed for her benefit. The Board concluded that, in responding to a notice of intent to revoke his

petition, Mr. Green failed to submit sufficient evidence that Ms. Abajue's prior marriage was bona fide.

Ms. Abajue filed a petition for review of the Board's decision with this court, but later withdrew it. Meanwhile, she and Mr. Green filed a complaint in the district court, claiming the revocation of the I-130 petition violated their constitutional due process rights because they never had the opportunity to confront or cross-examine Ms. Abajue's former spouse. They contend the former spouse moved out of the house he shared with Ms. Abajue on the day of his statement and apparently could not be located after the notice of intent to revoke the I-130 petition was issued.

The government moved to dismiss for lack of jurisdiction based on § 1252(a)(2)(B)(ii). Section 1252(a)(2)(B) bars judicial review of certain discretionary decisions of the Attorney General or the Secretary of Homeland Security, as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review--*
>
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the *authority for which is specified under this subchapter [including*

*§ 1155] to be in the discretion* of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum] relief under section 1158(a) of this title.

§ 1252(a)(2)(B)(ii) (emphasis added). Concluding that the Secretary's revocation under § 1155 was discretionary, the district court held it lacked jurisdiction and dismissed the complaint. This appeal followed.

## II. Discussion

We review the district court's dismissal for lack of subject matter jurisdiction de novo. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The party invoking a court's jurisdiction bears the burden of establishing it. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). We also review de novo the district court's interpretation of § 1155. *See United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008).

## A.

Mr. Green and Ms. Abajue make two arguments in support of federal court jurisdiction. First, they contend the district court had jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 2201 (declaratory judgment act), and nothing in § 1252(a)(2)(B)(ii) strips federal jurisdiction with respect to a revocation decision. Second, they contend several exceptions to § 1252's jurisdiction-stripping provision apply to them. We disagree on all points.

The parties agree the revocation of Mr. Green's I-130 petition was based on § 1155. The statute provides: "The Secretary of Homeland Security may, at any time, for what he *deems to be good and sufficient cause*, revoke the approval of any petition approved by him under section 1154 of this title." § 1155 (emphasis added). The question is whether this language, for purposes of the discretionary-decision bar of § 1252(a)(2)(B)(ii), vests discretionary authority in the Secretary of Homeland Security, as exercised through a designee, the Acting District Director of the USCIS.

We answered this question affirmatively in *Hamilton v. Gonzales*. In that case, the jurisdictional question arose in the context of a decision to revoke a visa in the absence of a final order of removal. 485 F.3d at 566. As part of our analysis, we examined the text of § 1155 and determined that revocation is a discretionary decision:

> A visa revocation decision "may" be made by the Secretary of Homeland Security (or his designee) "at any time, for what he deems to be good and sufficient cause." 8 U.S.C. § 1155. Employing conditional terms such as "may" and "at any time," the statute uses language that is "indicative of administrative discretion." *Jilin Pharmaceutical USA, Inc. v. Chertoff*, 447 F.3d 196, 203 (3d Cir. 2006). *See also id.* at 204 (by authorizing visa revocation for "good and sufficient cause," the statute requires the agency to make a judgment call); *El-Khader v. Monica*, 366 F.3d 562, 567 (7th Cir. 2004) ("[T]he determination of whether there exists 'good and sufficient cause' [ ] necessarily is highly subjective, and there exist no strict standards for making this determination.").

-6-

*Hamilton*, 485 F.3d at 567 n.6 (alterations in *Hamilton*).  We went on to conclude that "since a visa revocation decision is a discretionary act, our jurisdiction to review it is precluded by the plain meaning of § 1252(a)(2)(B)[ii[2]] except when (1) the decision implicates constitutional or legal questions, and (2) there is a final order of removal*." Id.* at 568.

We are guided here by the controlling statements in *Hamilton*:  a visa revocation under § 1155 is a discretionary decision subject to the jurisdiction-stripping provisions of § 1252(a)(2)(B)(ii).  In *Hamilton*, we were concerned only with our own jurisdiction, not a district court's, but by its plain language, § 1252(a)(2)(B)(ii) applies to any federal court.  The statute provides that "*no court* shall have jurisdiction to review" the specified sort of discretionary decisions—including a decision pursuant to § 1155.  § 1252(a)(2)(B)(ii) (emphasis added).

This position is shared by most circuit courts.  In addition to the Seventh and Third Circuit cases we relied on in *Hamilton*, at least three other circuits have also concluded that § 1155 revocations are discretionary and cannot be reviewed by district courts.  *See Sands v. U.S. Dep't of Homeland Sec.*, 308 F. App'x 418, 419-20 (11th Cir. 2009) (concluding that § 1252(a)(2)(B)(ii) strips courts of jurisdiction under 28 U.S.C. § 1361, "the mandamus statute," to review a § 1155

---

[2]       Although *Hamilton* omitted the reference to clause (ii) of subsection (a)(2)(B) in this conclusion, it was clearly the clause at issue.

revocation decision); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009) (concluding that § 1252(a)(2)(B)(ii) precludes judicial review of § 1155 revocations but noting an exception "to review a predicate legal question that amounts to a nondiscretionary determination underlying the denial of relief") (quotation marks omitted); *Ghanem v. Upchurch*, 481 F.3d 222, 225 (5th Cir. 2007) ("interpret[ing] the phrase 'for what he deems to be' as vesting complete discretion in the Secretary to determine what constitutes good and sufficient cause").

The Second Circuit, in dictum, also appears to agree. *See Firstland Int'l, Inc. v. U.S. INS*, 377 F.3d 127, 131-32 (2d Cir. 2004) (stating "the substance of the decision that there should be a revocation is committed to the discretion of the Attorney General" by § 1155, but concluding the failure to comply with a former statutory notice requirement rendered the revocation unauthorized and therefore one not "specified" to be discretionary).[3]

Our view in *Hamilton* that a visa-revocation decision is discretionary is unaltered by the Supreme Court's recent decision in *Kucana v. Holder*, 130 S. Ct.

---

[3]     Only the Ninth Circuit has reached a contrary result, concluding, over a dissent, that "acts immunized from review by § 1252 are matters of pure discretion, rather than discretion guided by legal standards." *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 891 (9th Cir. 2004). The court held that § 1155's "'good and sufficient cause' language . . . constitutes a legal standard the meaning of which we retain jurisdiction to clarify." *Id.* at 893. We rejected that interpretation in *Hamilton*.

827 (2010). In that case, the Supreme Court considered the scope of the Attorney General's discretionary authority as applied to a motion to reopen. It held that § 1252(a)(2)(B)(ii)'s proscription of judicial review does not apply to the Attorney General's denial of a motion to reopen because the discretionary authority for that decision is specified not in a statute, but in a regulation. *See id.* at 831.

The Court considered the argument that vague language in the statute applying to motions to reopen ("the motion to reopen shall state the new facts that will be provided at a hearing to be held *if the motion is granted*," § 1229a(c)(7)(B) (emphasis added)), anticipated that the Attorney General would exercise discretion in ruling on such motions. The Court rejected this argument, concluding that it did not meet § 1252(a)(2)(B)(ii)'s requirement that discretionary authority be sufficiently "specified" by statute. *See* 130 S. Ct. at 834 n.10 (construing the language "authority for which is specified under this subchapter to be in the discretion of the Attorney General"). According to the Court, the term "'[s]pecified' is not synonymous with 'implied' or 'anticipated'" but "means to name or state explicitly or in detail." *Id.* (internal quotation marks omitted). The Court found "'that the use of marginally ambiguous language [i.e., "if the motion is granted"], without more, is [in]adequate to specify that a particular action is within the Attorney General's discretion for the purposes of

§ 1252(a)(2)(B)(ii).'" *Id.* (quoting *Soltane v. U.S. Dep't of Justice*, 381 F.3d 143, 147 (3d Cir. 2004) (Alito, J.) (alteration omitted)).

Section 1155 does not explicitly use the word "discretion." But unlike the provision in *Kucana*, it does not merely imply or anticipate that the Secretary has discretion to revoke a § 1154 petition. In contrast to the "marginally ambiguous" language ("if the motion is granted") that the *Kucana* Court found inadequate to provide judicially-unreviewable discretionary authority, § 1155 authorizes revocation for what the Secretary "deems to be good and sufficient cause." § 1155. We therefore adhere to our view in *Hamilton* that the phrase is synonymous with a specific grant of discretionary authority that is subject to the jurisdictional bar of § 1252(a)(2)(B)(ii). *See Webster's Third New International Dictionary, Unabridged* 589 (2002) (defining "deem" as "to come to view, judge, or classify after some reflection"); *id.* at 392 (defining "discretion" as the "power of free decision or choice within certain legal bounds; individual judgment").

In sum, the decision to revoke an immigrant visa under § 1155 is an act of discretion that Congress has withheld from federal court review.

## B.

Mr. Green and Ms. Abajue make several other arguments in an attempt to circumvent the jurisdictional bar of § 1252(a)(2)(B)(ii). None of these arguments alter the conclusion that the district court lacks jurisdiction to review the Secretary's revocation decision.

-10-

First, the appellants claim the district court had jurisdiction to review their constitutional due process claim under § 1252(a)(2)(D), which is listed as the sole exception to the jurisdictional bar of § 1252(a)(2)(B). This subparagraph provides:

> Nothing in subparagraph [1252(a)(2)](B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

§ 1252(a)(2)(D). But "§ 1252(a)(2)(D) allows judicial review over constitutional and legal challenges only when raised on appeal of a final order of removal," *Hamilton*, 485 F.3d at 568, and a petition for review of a final removal order must be filed in the appropriate circuit court, not a district court, *see* § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). Therefore, § 1252(a)(2)(D) does not apply in the district courts. *Jilin Pharm. USA, Inc.*, 447 F.3d at 206 n.16 (concluding § 1252(a)(2)(D) did not restore jurisdiction to review constitutional claims in district court that § 1252(a)(2)(B)(ii) had stripped). Moreover, by itself, "a visa revocation decision is not a final order of removal," *Hamilton*, 485 F.3d at 568, so the parties could not have sought review in this court and potentially benefitted from § 1252(a)(2)(D).

-11-

Second, Mr. Green and Ms. Abajue point to two cases for the proposition that courts have general jurisdiction to review I-130 determinations: *Zhao v. Gonzales*, 404 F.3d 295 (5th Cir. 2005), and *Ayanbadejo v. Chertoff*, 517 F.3d 273 (5th Cir. 2008). But neither case concerned a § 1155 revocation. *Zhao* considered whether § 1252(a)(2)(B)(ii) barred judicial review of the *denial* of a motion to reopen. 404 F.3d at 301-02. Like the Supreme Court in *Kucana*, the *Zhao* court concluded the Attorney General's discretion to rule on a motion to reopen was provided by regulation, not statute, and therefore the decision did not fall under the bar of § 1252(a)(2)(B)(ii). *Id.* at 302-03. *Ayanbadejo* simply applied *Zhao*'s holding to conclude the denial of an I-130 petition under § 1154, based on the invalidity of a marriage, was not a discretionary decision because any discretion was conferred by an implementing regulation, not § 1154. 517 F.3d at 277-78 & n.14.[4] In contrast, the statutory language of § 1155 expressly confers the discretionary authority to *revoke* a visa petition for just and sufficient cause.

Mr. Green and Ms. Abajue also ask us to consider *Nakamoto v. Ashcroft*, 363 F.3d 874 (9th Cir. 2004), for the proposition that courts retain jurisdiction to review the basis for a finding of marriage fraud. But *Nakamoto* involved whether

---

[4] Section 1154(c) requires the denial of an application where marriage fraud or attempted marriage fraud is evident: "[N]o petition shall be approved if . . . the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws."

"a decision under § 1227(a)(1)(G) [relating to marriage fraud] is 'specified' to be in the Attorney General's discretion" for § 1252(a)(2)(B)(ii) purposes. *Id.* at 879. The Ninth Circuit concluded it was not, relying on its own controlling precedent that the statutory grant of authority must be "entirely discretionary" to fall within § 1252(a)(2)(B)(ii). *Id.* at 880 (citing *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 690 (9th Cir. 2003)). Contrary to the appellants' interpretation of our jurisprudence, *see* Aplt. Br. at 4, we rejected that view in *Yerkovich v. Ashcroft*, 381 F.3d 990, 994-95 (10th Cir. 2004), *abrogated on other grounds by Kucana*, 130 S. Ct. at 831 (holding § 1252(a)(2)(B)(ii)'s requirement that authority be "'specified under this subchapter' refers to statutory, not regulatory, specification").

*Zhao*, *Ayanbadejo*, and *Nakamoto*, as well as other cases concluding § 1252(a)(2)(B)(ii) does not bar jurisdiction to review marriage-validity determinations for purposes of granting an immigrant petition under § 1154, *see, e.g.*, *Ogbolumani v. Napolitano*, 557 F.3d 729, 733 (7th Cir. 2009), concern statutes other than § 1155. Accordingly, they do not bear on the issue before us. *Cf. id.* (distinguishing its own § 1155 circuit precedent, *El-Khader*, 366 F.3d at 562, with regard to a denial under § 1154).

Next, Mr. Green and Ms. Abajue suggest that, notwithstanding § 1252(a)(2)(B)(ii), courts retain jurisdiction to consider the extent of the Secretary's authority under the immigration laws. They point to *Zadvydas v.*

*Davis*, 533 U.S. 678, 688 (2001), where the Supreme Court explained that the extent of the Attorney General's authority under the post-removal-period detention statute, § 1231(a)(6), is not a matter of discretion subject to § 1252(a)(2)(B)(ii). But this is merely a repackaging of the due-process claim we addressed above. The appellants still fail to explain how the agency exceeded its authority, and no *ultra vires* act is apparent on the face of the record before us.

On the contrary, § 1155 grants the Secretary discretionary authority to revoke approved § 1154 petitions, and that is just what happened here, through the Secretary's delegate, and after Mr. Green had been afforded an opportunity to present responsive evidence. *See Abdelwahab*, 578 F.3d at 821 (concluding that "[w]hether properly delegated authority was in fact exercised by the proper agency official . . . looks like an issue beyond our jurisdiction under § 1252(a)(2)(B)(ii), not a 'predicate legal question'" that might be considered nondiscretionary and therefore reviewable).

To the extent the appellants argue that, under *Zadvydas*, the district court had jurisdiction to consider their constitutional claim, we reiterate that the only exception to § 1252(a)(2)(B) is for constitutional claims and legal issues set out in § 1252(a)(2)(D). *See* § 1252(a)(2)(B) (barring all court review of enumerated discretionary decisions "[n]otwithstanding any other provision of law . . . except as provided in subparagraph (D)"). As discussed above, Congress limited that

exception to petitions for review, which renders the exception inapplicable in the district courts.

Finally, Mr. Green and Ms. Abajue claim that courts retain jurisdiction to clarify the "good and sufficient cause" phrase of § 1252(a)(2)(B)(ii), citing to our decision in *Schroeck v. Gonzales*, 429 F.3d 947 (10th Cir. 2005). We see no merit to this claim. In *Schroeck*, we held that § 1252(a)(2)(D) preserved the judicial review of constitutional claims or questions of law despite the facial applicability of the jurisdictional bar set forth in § 1252(a)(2)(B)(i). *Id.* at 950-51. As we have already explained, § 1252(a)(2)(D) is not applicable to this case, and we fail to see how *Schroeck* supports jurisdiction to clarify the "good and sufficient cause" phrase of § 1252(a)(2)(B)(ii).

In sum, the district court correctly concluded it lacked jurisdiction to review the Secretary's discretionary decision to revoke Mr. Green's § 1154 petition.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.