FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**January 9, 2012**

**FOR THE TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

NJIDEKA FRANCES ABAJUE,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 11-9528
(Petition for Review)

### ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Njideka Frances Abajue, a native and citizen of Nigeria, petitions for

review of a final order of removal, claiming the Board of Immigration Appeals

(BIA) should have granted her a continuance so she could pursue relief in federal

court related to the revocation of a petition for immigrant status filed on her

behalf by her husband. The Attorney General contends this petition for review is

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

moot and, in the alternative, that it should be denied. We conclude that we lack jurisdiction over the petition, in part based on mootness (although not for the reasons advanced by the Attorney General) and in part based on Ms. Abajue's failure to exhaust administrative remedies.

## I. Background

Ms. Abajue entered the United States in 2001 on a non-immigrant visa. She overstayed her visa and married a United States citizen, John Fleischer, who filed a form I-130 Petition for Alien Relative on her behalf with the United States Citizenship and Immigration Services (USCIS). The petition was withdrawn in May 2004 after Mr. Fleischer provided a sworn statement that Ms. Abajue paid him $1,500 to marry her so that she could obtain an immigration benefit. Removal proceedings were initiated against Ms. Abajue in June 2004.

Ms. Abajue then married another United States citizen, Reginald Green, who filed a form I-130 petition on her behalf in March 2006. The petition was initially approved but later revoked under 8 U.S.C. § 1155 when Mr. Fleischer's statement regarding the fraudulent marriage came to light. Mr. Green and Ms. Abajue appealed the revocation to the BIA. On February 26, 2009, the BIA dismissed the appeal, concluding that Mr. Green failed to submit sufficient evidence to the USCIS that Ms. Abajue's marriage to Mr. Fleischer was bona fide and not entered into solely for immigration purposes. Mr. Green and Ms. Abajue

filed a petition for review from the BIA's decision with this court on March 24, 2009, but withdrew it on July 1, 2009.

Meanwhile, beginning in 2005, Ms. Abajue sought and received a number of continuances of her removal proceedings from an Immigration Judge (IJ). At a hearing on April 15, 2009, she requested another continuance from the IJ in order to pursue judicial relief regarding the visa revocation, specifically, her first petition for review filed with this court, which she had not yet withdrawn, and a challenge to the visa revocation she planned to file in federal district court. The IJ denied her request, finding that the revocation of Mr. Green's I-130 petition was a final administrative decision over which he lacked any power of review, and that no approved I-130 petition could be anticipated in the future because the controlling statute, 8 U.S.C. § 1154(c), requires the denial of an application where marriage fraud or attempted marriage fraud is evident. The IJ noted that only judicial intervention could change the administratively final visa revocation but expressed doubt that Ms. Abajue would be successful in court. The IJ then ordered her removed to Nigeria because she did not have an approved I-130 petition and had not claimed any other form of relief from removal.

Mr. Green and Ms. Abajue then filed a complaint on May 13, 2009, in the United States District Court for the District of Colorado, arguing that they did not receive due process regarding the visa-revocation decision because they never had the opportunity to cross-examine Mr. Fleischer. The district court concluded it

lacked jurisdiction to review the visa-revocation decision. We affirmed the district court's conclusion in *Green v. Napolitano*, 627 F.3d 1341, 1343 (10th Cir. 2010) (*Green I*), holding that the discretionary-decision bar of 8 U.S.C. § 1252(a)(2)(B)(ii) "strips a district court of jurisdiction to review a § 1155 revocation."

While *Green I* was pending, Ms. Abajue appealed the IJ's order of removal to the BIA, arguing that the IJ should have granted a continuance while she pursued relief in federal district court. The BIA dismissed the appeal on March 30, 2011. The BIA agreed with the IJ that a continuance was unwarranted because any future I-130 petitions filed by Mr. Green were likely to be denied based on the prior finding that Ms. Abajue's marriage to Mr. Fleischer was fraudulent. The BIA also observed that Ms. Abajue's attempt to have the federal courts review the visa revocation had failed when this court issued its opinion in *Green I*.

On April 27, 2011, Ms. Abajue filed her petition for review of the BIA's decision with this court. Five days later, she and Mr. Green filed another complaint in the district court, *Green v. Napolitano*, No. 1:11-cv-01163-WYD-KMT (D. Colo. filed May 2, 2011) (*Green II*). According to the Attorney General, the complaint in *Green II* sets out claims substantially similar to those raised in *Green I*. *Green II* is currently active with a pending motion to dismiss filed by the government.

## II. Discussion

The Attorney General claims that this petition for review is moot in light of *Green I*. "A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *Office of Thrift Supervision v. Overland Park Fin. Corp. (In re Overland Park Fin. Corp.)*, 236 F.3d 1246, 1254 (10th Cir. 2001) (internal quotation marks omitted). The Attorney General argues that we cannot grant effective relief because the district court in *Green II* lacks jurisdiction under *Green I*. It appears that this mootness argument is in response to Ms. Abajue's request that we remand this matter to the BIA with instructions to grant her a continuance while she pursues relief in *Green II*.

We need not decide whether Ms. Abajue's petition is moot based on *Green I* because we lack jurisdiction for another reason: Ms. Abajue's failure to present *Green II* to the agency as a basis for a continuance. This is hardly surprising because *Green II* was filed *after* the BIA's order under review here. Accordingly, Ms. Abajue failed to exhaust administrative remedies regarding whether a continuance was justified based on *Green II*. We therefore lack jurisdiction to consider her argument now. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1118, 1122 (10th Cir. 2007) (holding that this court "generally asserts jurisdiction only over those arguments that a petitioner properly presents to the

-5-

BIA," but noting an exception for "matters [not presented by an alien but] directly ruled on by the BIA").[1]

We do, however, conclude that this petition for review is moot with respect to the grounds for a continuance that Ms. Abajue advanced before the agency, namely, her first petition for review with this court, which she withdrew, and a potential action in federal district court, which she filed and litigated through this court's adverse decision in *Green I.* Both of those proceedings are over, so a ruling from this court that the BIA should have granted a continuance for her to pursue either of them would provide no effectual relief. Therefore, the petition is moot as to the grounds for a continuance Ms. Abajue advanced before the agency. *See In re Overland Park Fin. Corp.*, 236 F.3d at 1254.[2]

The petition for review is DISMISSED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[1] The Attorney General also argues that, to the extent Ms. Abajue is again contesting the visa-revocation decision, we lack jurisdiction under *Green I.* Although Ms. Abajue complains that she was denied due process in the revocation proceeding, we do not perceive any request for a ruling from this court to that effect. Therefore, we will not address the Attorney General's argument.

[2] Ms. Abajue suggests that the BIA should have taken into consideration the hardship that her removal would cause Mr. Green. She did not present this argument to the BIA. Therefore, we lack jurisdiction to consider it. *See Sidabutar*, 503 F.3d at 1118.