**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL E. PARKER, SR.,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 20-3154
(D.C. No. 2:20-CV-02043-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Michael E. Parker, Sr., proceeding pro se, appeals the district court's dismissal of his complaint challenging the partially favorable decision of the Commissioner of Social Security ("the Commissioner") regarding his application for supplemental security income ("SSI"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Parker's SSI application alleged disability beginning in September 2008. Following initial and reconsideration denials and a de novo hearing, an administrative law judge ("ALJ") issued a partially favorable decision finding that Parker was disabled as of January 10, 2020, but not before that date.

Parker did not seek Appeals Council review of that decision and instead filed a complaint in district court claiming the onset date of his disability should have been December 11, 2017 (the date he filed his SSI application). The district court concluded that Parker's failure to seek Appeals Council review meant that he had not exhausted his administrative remedies and that the agency's decision was thus not a final decision subject to judicial review. Accordingly, the court granted the Commissioner's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## Discussion

"We review the district court's dismissal for lack of subject matter jurisdiction de novo." *Green v. Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010). Because Parker appears pro se, we construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). We do not, however, act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

As an initial matter, we reject Parker's assertion that the district court erred by ruling on the motion to dismiss without a response from him. The Commissioner filed the motion on June 19, 2020, so any response was due on July 10, 2020. *See*

D. Kan. Rule 6.1(d)(2) (providing that responses to dispositive motions must be filed within 21 days). Parker did not file a response or seek an extension to do so. Under those circumstances, the local rules provide that "the court will consider and decide the motion as an uncontested motion" and may rule on it "without further notice." *Id.* Rule 7.4(b). Accordingly, the court acted within its discretion in ruling on the motion without a response.

Under 42 U.S.C. § 1383(c)(3), the Commissioner's decisions are "subject to judicial review as provided in section 405" of the Social Security Act ("the Act"). Section 405(g) of the Act gives federal district courts jurisdiction to review only "final decision[s] of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) (stating that § 405 "clearly limits judicial review" to final agency decisions made after a hearing). The Act further provides that "[n]o findings of fact or decision of the [agency] shall be reviewed" except as provided in § 405(g). 42 U.S.C. § 405(h). Section 405(h) "make[s] exclusive the judicial review method set forth in § 405(g) . . . in a typical Social Security . . . benefits case, where an individual seeks a monetary benefit from the agency [such as] a disability payment . . . ." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).

"[T]he Act does not define 'final decision,' instead leaving it to the [agency] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000). The applicable regulations provide that the agency will have made a final decision only after a disability claimant has completed four steps: (1) initial

3

determination, (2) reconsideration, (3) a hearing before an ALJ, and (4) a request for review by the Appeals Council. 20 C.F.R. § 416.1400(a). A claimant who fails to take any one of those steps within the time prescribed "lose[s] [his] right to further administrative review and [his] right to judicial review."[1] *Id.* § 416.1400(b). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Sims*, 530 U.S. at 107; *see also Shalala*, 529 U.S. at 15 (recognizing the Act's "nonwaivable and nonexcusable requirement that" a claimant exhaust his administrative remedies "before raising [his claim] in court").

Parker took the first three steps but not the fourth. He obtained an initial determination, sought reconsideration, and had a hearing before the ALJ. The ALJ's decision notified Parker that the decision was binding unless he sought Appeals Council review within 60 days after receiving it and that if he did not do so, he "[would] not have the right to Federal court review."[2] R. at 222. Despite clear notice

---

[1] There are two exceptions to this rule. The first is when the claimant shows he had "good cause for [his] failure to make a timely request for review." 20 C.F.R. § 416.1400(b). The second is when the claimant is entitled to use the expedited appeal process after the initial determination has been reviewed. *Id.* § 416.1400(a)(6). The expedited appeal process is only available when the claimant contests the constitutionality of the controlling laws and has no dispute with the agency's findings of fact or application or interpretation of the law. *Id.* Parker does not claim he had good cause for not seeking Appeals Council review, and his claims do not meet the requirements for an expedited appeal.

[2] The sixty-day deadline is set forth at 20 C.F.R. § 416.1468(a).

of what he needed to do to preserve his right to judicial review, Parker did not seek Appeals Council review before filing his complaint in district court.

The law is clear. A decision of the Commissioner is not final for jurisdictional purposes unless the claimant first exhausts his administrative remedies by, as pertinent here, seeking Appeals Council review. Because Parker failed to exhaust his administrative remedies, "there is no final [agency] decision and, as a result, no judicial review." *Sims*, 530 U.S. at 107. Consequently, the district court correctly dismissed Parker's complaint for lack of jurisdiction.[3]

## Conclusion

We affirm the district court's order dismissing Parker's complaint.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] Parker does not address his failure to seek review or its impact on the district court's subject matter jurisdiction. We note that a claimant is excused from the exhaustion requirement if (1) full exhaustion would be futile, (2) he has suffered irreparable harm, and (3) he states a colorable constitutional claim that is collateral to his substantive claim of entitlement to social security benefits. *See Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir. 1993); *see also Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976). But even with the benefit of liberal construction, *see Haines*, 404 U.S. at 520-21, Parker does not allege that he meets these requirements.