**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DOREEN JANICE CURRY,

     Plaintiff - Appellant,

v.

ST. FRANCIS HOSPITAL; RALPH T.
BOONE, M.D.,

     Defendants - Appellees.

No. 21-5008
(D.C. No. 4:20-CV-00673-CVE-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

Doreen Janice Curry, proceeding pro se,[1] appeals the district court's order

dismissing her medical malpractice action for lack of subject-matter jurisdiction.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal but remand

to the district court with instructions to modify the dismissal to be without prejudice.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Curry's filings but will not serve as her advocate. _James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

**BACKGROUND**

In December 2020, Curry filed a two-page complaint in district court against St. Francis Hospital and Dr. Ralph Boone, raising a single claim of "medical negligence" in connection with three surgeries performed at the hospital. R. at 3. Curry alleged all parties were citizens of Oklahoma, and she sought an unspecified amount of "medical compensation." *Id.* at 3-4. Curry also attached to her complaint a "Notice of Appeal," purporting to appeal to the district court an adverse ruling by the Oklahoma Supreme Court. *Id.* at 5.

The district court sua sponte dismissed the action with prejudice for lack of jurisdiction. The court first concluded that the complaint failed to establish either federal-question jurisdiction or diversity jurisdiction. The court also noted that the publicly available docket sheet from Curry's state court case indicated that: (1) she alleged negligence in connection with surgeries performed in 2002, 2004, and 2009; (2) the state district court granted summary judgment for St. Francis Hospital and Dr. Boone based on the statute of limitations; (3) the Oklahoma Court of Civil Appeals affirmed; and (4) the Oklahoma Supreme Court denied Curry's petition for a writ of certiorari. Because the "Notice of Appeal" Curry attached to her complaint indicated she was attempting to seek further appellate review of her state court case, the district court concluded that even if it had federal-question or diversity

2

jurisdiction, the action was "plainly" barred by the *Rooker-Feldman* doctrine.[2] *Id.* at 9. *See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005) (noting the doctrine "bars a losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court" (internal quotation marks omitted)). This appeal followed.

## DISCUSSION

We review de novo a district court's dismissal of an action for lack of subject-matter jurisdiction. *Green v. Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010). "The party invoking a court's jurisdiction bears the burden of establishing it." *Id.* To determine whether Curry met her burden, we "look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction." *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018) (internal quotation marks omitted).

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress has authorized federal courts to hear controversies arising under federal law—i.e., "federal-question jurisdiction," *see* 28 U.S.C. § 1331—and controversies arising between citizens of different states—

---

[2] The doctrine derives its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

i.e., "diversity jurisdiction," *see id.* § 1332.  The district court found both forms of jurisdiction lacking.  We agree.

Federal-question jurisdiction exists under § 1331 if the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted).  The district court concluded that Curry's complaint alleged only a state-law claim for medical malpractice and did not include "any allegations that could be construed as a claim arising under federal law."  R. at 8.

On appeal, Curry asserts for the first time that her action was based on 42 U.S.C. § 1983 and a violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.  In addition to being too conclusory and perfunctory to merit review, *see United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004), these arguments were not raised before the district court and, thus, are forfeited, *see Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).  In any event, ordinary medical malpractice does not state a § 1983 claim.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Next, diversity jurisdiction under § 1332 requires "that complete diversity of citizenship exist[] between the adverse parties and that the amount in controversy exceed[] $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (internal quotation marks omitted).  Setting aside Curry's failure to plead an amount

in controversy exceeding $75,000,[3] the district court correctly observed that the complaint "alleges that all of the parties are citizens of Oklahoma."  R. at 8. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  Because Curry alleged all parties were citizens of Oklahoma, she failed to establish complete diversity as necessary for diversity jurisdiction.[4]

Ultimately, Curry devotes the bulk of her briefs to contesting the state courts' statute-of-limitations rulings and offers virtually no challenge to the district court's reasoning and conclusion that it lacked subject-matter jurisdiction over the present action.  *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").  Having reviewed the record, we agree that the district court lacked subject-matter jurisdiction.  And because we find no independent basis for federal jurisdiction, we need not address the court's alternative ruling that the action was barred by the *Rooker-Feldman* doctrine.  However, because the court dismissed the

---

[3] Curry notes in her reply brief that she identified an amount exceeding the $75,000 threshold in a 2011 letter she sent to the defendants, in which she originally threatened litigation.  Curry waived this issue by raising it for the first time in her reply brief.  *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016).  In any event, she did not plead any specific damages in her complaint and did not attach the 2011 letter to her complaint or otherwise provide it to the district court.

[4] Curry concedes as much on appeal.  *See* Aplt. Reply Br. at 4 (acknowledging "complete diversity did not exist").

action for lack of subject-matter jurisdiction, the dismissal should have been entered without prejudice rather than with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."). We therefore remand the matter to the district court to modify the dismissal to be without prejudice.

## CONCLUSION

The district court's judgment is affirmed in part and remanded in part with instructions to modify the dismissal to be without prejudice.

Entered for the Court

Allison H. Eid
Circuit Judge

6