FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GABRIEL HERNANDEZ LUQUIN;
HERMELINDA MANCILLAS,

     Plaintiffs - Appellants,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; ALEJANDRO
MAYORKAS; UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; UR JADDOU; DAWN R.
EVANS,*

    Defendants - Appellees.

No. 21-3164
(D.C. No. 6:20-CV-01215-KHV-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**\*\*

_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

The United States Citizenship and Immigration Services (USCIS) revoked the

approval of a Form I-130 visa petition filed by Hermelinda Mancillas on behalf of

---

\* In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Alejandro Mayorkas and Ur Jaddou are substituted respectively for Chad
Wolf and Kenneth Cuccinelli as respondents in this action.

\*\* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

her son Gabriel Hernandez Luquin and denied Mr. Hernandez's Form I-485 application for adjustment of status because of the revocation. Ms. Mancillas and Mr. Hernandez challenged those administrative decisions in the United States District Court for the District of Kansas. The district court dismissed for lack of subject-matter jurisdiction, citing *Green v. Napolitano*, 627 F.3d 1341, 1346 (10th Cir. 2010), in which we held that the Secretary of Homeland Security's revocation of a visa under 8 U.S.C. § 1155 is a discretionary decision not subject to judicial review. On appeal Ms. Mancillas and Mr. Hernandez ask that *Green* be overruled, but a panel cannot overrule a prior panel's published opinion. They also ask that we hold the jurisdiction-stripping statute 8 U.S.C. § 1252(a)(2)(B)(ii) unconstitutional, but that argument is not preserved for our review. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In 1995 Ms. Mancillas, then a lawful permanent resident, filed a Form I-130 petition with the United States Immigration and Naturalization Service on behalf of Mr. Hernandez, her purportedly unmarried son, so that Mr. Hernandez could begin the process of becoming a lawful permanent resident. *See* 8 U.S.C. § 1153(a)(2)(B) (allocating a limited number of family-sponsored visas to unmarried sons and daughters of lawful permanent residents). The petition was approved in 1996. In 2017 Mr. Hernandez filed a Form I-485 application for adjustment of status. During an interview to determine his eligibility in 2018, Mr. Hernandez indicated that he was single and never married. Soon after the interview USCIS issued him a Notice of Intent to Deny Form I-485, which explained:

2

During your interview on February 6, 2018, you provided false testimony to USCIS concerning your marital status. You were asked multiple times during the interview by the Immigration Services Officer if you were ever married. You stated no and that you are single and have never married because you knew it would affect your immigration status.

On February 7, 2018, USCIS contacted the Kansas Office of Vital Statistics to inquire if there was a marriage or divorce certificate on file for you along with the birth certificates for your kids. The Kansas Office of Vital Statistics provided USCIS with a copy of a Certificate of Divorce or Annulment which verifies you were married on November 7, 2001 to Judith E Hernandez in Kansas. The Certificate of Divorce or Annulment also shows that the decree was filed on September 7, 2011. Additionally a copy of the Certificate of Live Birth was obtained for [four children]. All four certificates show Gabriel Alfredo Hernandez as the father. The Kansas Office of Vital Statistics indicated that there was no paternity consent form on file, which indicates that the father Gabriel Alfredo Hernandez and mother Judith Elizabeth Hernandez Lemus were married at the time of birth, conception or any time between. . . .

. . . .

You filed Supplement A to Form I-485 to apply for benefits under Public Law 103-317, however, you are not an eligible beneficiary. Your mother filed the Form I-130 for you on June 12, 1995, as an unmarried child 21/older of a permanent resident. Your mother became a citizen on June 24, 2011, which is after your marriage date. By entering into marriage on November 7, 2001 your I-130 filed on June 12, 1995 was automatically revoked. See 8 CFR 205.1 Automatic Revocation. Therefore, you are not eligible for adjustment based on INA 245(i).

Aplt. App. at 18–19. Upon receiving this notice Mr. Hernandez attempted to salvage his Form I-130 approval and Form I-485 application by asking a Kansas court to convert his divorce decree into one for annulment, which he says would render his marriage "void ab initio" under Kansas law. Aplt. Br. at 4. But in 2019 USCIS notified Ms. Mancillas that her Form I-130 petition to classify Mr. Hernandez as the unmarried son of a lawful permanent resident had been automatically revoked on November 7, 2001, the date of his marriage. *See* 8 C.F.R. § 205.1(a)(3)(i)(I) (visa

3

petitions filed on behalf of unmarried sons and daughters are automatically revoked upon their marriage). And USCIS denied Mr. Hernandez's Form I-485 application for adjustment of status, citing his lack of a valid visa petition. His mother's appeal of the Form I-130 revocation to the USCIS Administrative Appeals Office was construed as a motion to reopen and denied.

He and his mother then challenged the Form I-130 revocation and Form I-485 denial under the Administrative Procedure Act in federal district court. Citing *Green* as controlling authority, the court dismissed for lack of subject-matter jurisdiction after hearing oral argument. *Green* concerned the relationship between two statutes. Under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review . . . any . . . decision or action . . . the authority for which is specified under this subchapter [including § 1155] to be in the discretion of the Attorney General or the Secretary of Homeland Security." And 8 U.S.C. § 1155 provides: "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." In *Green* a United States citizen filed a Form I-130 petition with USCIS on behalf of his Nigerian wife. *See* 627 F.3d at 1343. The petition was approved under § 1154, which governs the procedure for issuance of immigrant visas for relatives of United States citizens and lawful permanent residents. *See id.* But evidence emerged that the wife's "prior marriage was fraudulent and entered into solely for immigration purposes," and the petition was revoked under § 1155. *Id.* The husband and wife challenged the revocation in federal district court, arguing it violated their

4

constitutional rights to due process. *See id.* We upheld the district court's dismissal for lack of subject-matter jurisdiction, holding that under the plain language of §§ 1252(a)(2)(B)(ii) and 1155, "the decision to revoke an immigrant visa under § 1155 is an act of discretion that Congress has withheld from federal court review." *Id.* at 1346.

Turning to the appeal before us, "[w]e review the district court's dismissal for lack of subject matter jurisdiction de novo." *Id.* at 1344. "The party invoking a court's jurisdiction bears the burden of establishing it." *Id.* Plaintiffs make two arguments in support of subject-matter jurisdiction. First, although they concede that the holding in *Green* precludes relief, they ask that we overrule *Green*. But one panel "cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

Second, Plaintiffs assert that the jurisdiction-stripping statute § 1252(a)(2)(B)(ii) is unconstitutional as applied in this case. But in district court they raised no such argument in response to the motion to dismiss for lack of jurisdiction, either in briefs or at oral argument. The constitutional challenge to § 1252(a)(2)(B)(ii) is therefore not preserved for our review. *See U.S. ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1279 (10th Cir. 2001) ("Grounds or arguments in support of subject matter jurisdiction may be waived like any other contention."); *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) ("[O]ur

responsibility to ensure even sua sponte that we have subject matter jurisdiction before considering a case differs from our discretion to eschew untimely raised legal theories which may support that jurisdiction. We have no duty under the general waiver rule to consider the latter." (citation omitted)).

We **AFFIRM** the district court's order dismissing for lack of subject-matter jurisdiction.

Entered for the Court


Harris L Hartz
Circuit Judge
