**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

MIKE ALLEN,

    Plaintiff - Appellant,

v.

MARK CLARK; BOARD OF TAX
APPEALS; LINDA KIZZIRE,

    Defendants - Appellees.

No. 24-3013
(D.C. No. 6:24-CV-01002-JWB-BGS)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Plaintiff Mike Allen, proceeding pro se,[1] appeals the federal district court's

dismissal of his lawsuit against the Kansas State Board of Tax Appeals ("BOTA")

and two local officials contesting the appraisal of his property for lack of subject

matter jurisdiction. We affirm because we similarly conclude the district court lacked

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Allen is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

subject matter jurisdiction. We consequently do not reach the merits of Mr. Allen's action.

## I.    BACKGROUND

Mike Allen owns a home in Wichita, Sedgwick County, Kansas. According to his calculations, Mr. Allen's property tax increased by an average of 10% per year from 2020 to 2022, and then increased another 21% in the year 2023. Mr. Allen claims that county officials inaccurately assessed the value of his home in 2023.

Mr. Allen appealed to the BOTA to contest the county's assessment of his property value. The BOTA denied Mr. Allen's original petition and his subsequent petition for reconsideration but informed him that he could appeal the decision "by filing a petition with [the state] district court pursuant to [Kan. Stat. Ann. §] 74-2426(c)(4)(B) . . . within 30 days from the date of certification of this order." ROA at 18. Mr. Allen appealed the BOTA's decision to the United States District Court for the District of Kansas, asking the federal district court to "adjust the 2023 appraisal value of the subject house," which would provide him a refund of "approximately $135.00 for the tax year of 2023." *Id.* at 10. He again asserted that county officials relied on a faulty methodology in appraising the value of his property.[2] Mr. Allen proceeded in forma pauperis ("IFP").

---

[2] Following the BOTA's decision, Mr. Allen brought his case to the Sedgwick County Small Claims Court. The small claims court did not issue a final decision until January 31, 2024. The small claims court dismissed Mr. Allen's case for lack of subject matter jurisdiction, pursuant to Kan. Stat. Ann. § 61-2802(B)(14), which provides that the small claims court itself cannot decide an "appeal from an order or ruling of an administrative officer or body."

In a report and recommendation, a magistrate judge recommended dismissal of this case for failure to state a viable cause of action. The magistrate judge explained that the federal courts have no jurisdiction over BOTA's decisions regarding county property appraisals. The magistrate judge added that "[t]o the extent [Mr. Allen] questions the 'constitutionality of state statutes,' [Mr. Allen] sets forth no more information about this alleged claim," including no facts and no federal statute, treaty, or constitutional provision at issue. *Id.* at 24.

Mr. Allen amended his complaint six days after the report and recommendation issued, but added only that he paid his 2023 property tax bill. Mr. Allen also timely objected to the report and recommendation, asserting that he exhausted his administrative remedies and has no other recourse than appealing the BOTA's decision to the federal district court.

The federal district court sua sponte dismissed Mr. Allen's complaint without prejudice, but also declined to adopt the report and recommendation, after concluding that it lacked subject matter jurisdiction over the complaint. The district court explained that Mr. Allen filed his appeal in the incorrect district court, clarifying that the state district court has jurisdiction over his property taxes and would be the proper forum for this matter under Kansas law. Critically, the court also noted that

---

Because the small claims court decided Mr. Allen's case after the federal district court, the small claims court's order was not included in the record that the federal district court considered. Instead, Mr. Allen presents the small claims court's order to us as an attachment to his opening brief on appeal. However, no aspect of the small claims court's order impacts whether we have jurisdiction over this lawsuit.

Mr. Allen "failed to identify the federal basis for his claim and this court lacks jurisdiction over any challenge to decisions by the BOTA." *Id.* at 37.

On appeal, Mr. Allen argues that the federal district court has jurisdiction over his lawsuit because the "US constitution calls for US citizens to resolve their issues in court . . . to protect the rights of US property owners."[3] Appellant's Br. at 2.

## II.     DISCUSSION

We review de novo a district court's dismissal of an action for lack of subject matter jurisdiction. *Green v. Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010). "The party invoking a court's jurisdiction bears the burden of establishing it." *Id.*

Mr. Allen's complaint presents no cause of action arising under federal law that could allow this court to exercise jurisdiction. "There are two statutory bases for federal subject[ ]matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal[ ]question jurisdiction under 28 U.S.C. § 1331." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). Mr. Allen makes no colorable claim that this court could exercise diversity jurisdiction over this matter, but he attempts to establish federal question jurisdiction.

---

[3] Mr. Allen also objects to the district court's failure to issue summonses to the defendants in this matter. However, a federal district court is required to dismiss any matter filed IFP if, at any time, "the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because we affirm the district court's conclusion that it lacks subject matter jurisdiction over this case, we find no error with the district court's decision not to issue summonses to the defendants in this matter.

4

"Federal[ ]question jurisdiction exists for all claims 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks omitted). Mr. Allen indicates on the "Civil Cover Sheet" attached to his complaint that his case involved the "Constitutionality of State Statutes[,]" "Administrative Procedure At/Review or Appeal of Agency Decision[,]" and "Taxes (U.S. Plaintiff or Defendant)," the last of which falls in the category titled "Federal Tax Suits[.]" ROA at 34. But Mr. Allen cites no federal statutes or constitutional provisions in making these assertions, either before the federal district court or before this court. Mr. Allen similarly does not show how his "right to relief necessarily depends on resolution of a substantial question of federal law."[4] *Nicodemus*, 318 F.3d at 1235 (quotation marks omitted). Mr. Allen fails to meet his burden to show that this court has federal question jurisdiction over this matter. *See Green*, 627 F.3d at 1344.

Even if Mr. Allen could make out an assertion that this court has federal question jurisdiction over this action, he faces another jurisdictional hurdle: the Tax

---

[4] Mr. Allen claims in a conclusory manner that "[t]he US constitution calls for US citizens to resolve their issues in court," and he passingly asserts that "[d]ue process was not served." Appellant's Br. at 2, 5. Even if those claims could provide any colorable basis for subject matter jurisdiction, they are waived because they were not presented before the district court. *Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1232 (10th Cir. 1997).

Injunction Act. Under the Tax Injunction Act, the federal courts "shall not enjoin, suspend or restrain the . . . collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *California v. Grace Brethren Church*, 457 U.S. 393, 407–08 (1982) (quoting 28 U.S.C § 1341). "The Tax Injunction Act imposes a broad limitation on federal court interference with state collection of taxes [and] is not limited to injunctive relief. The Tax Injunction Act bars declaratory relief, and suits for damages as well." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (alteration in original) (internal quotation marks omitted). "The purposes of the Act are 'to promote comity and to afford states the broadest independence, consistent with the federal constitution, in the administration of their affairs, particularly revenue raising.'" *Id.* (quoting *Wright v. McClain,* 835 F.2d 143, 144 (6th Cir. 1987)). "Thus, the Tax Injunction Act 'operates to divest the federal courts of subject matter jurisdiction over claims challenging state taxation procedures where the state courts provide a "plain, speedy and efficient remedy."'" *Id.* (quoting *Lussier v. Florida, Dep't of Highway Safety & Motor Vehicles,* 972 F. Supp. 1412, 1417 (M.D. Fla. 1997)).

Mr. Allen seeks the reappraisal of his property value and a partial refund on his local property tax bill. The collection of Mr. Allen's property taxes and the corresponding appraisal of his property value are creatures of state law. *See* Kan. Stat. Ann. § 79-501 (establishing how the value of real and tangible personal property is to be appraised for taxation purposes); Kan. Stat. Ann. § 74-2433(g) (addressing how property valuation appeals should be decided by the BOTA).

Accordingly, he is asking the federal courts to "enjoin, suspend or restrain the . . . collection of any tax under State law." 28 U.S.C § 1341. Additionally, and critically, Mr. Allen does not show that "a plain, speedy and efficient remedy" could not be had in the courts of the state of Kansas. *Id.* Under Kansas law, Mr. Allen may appeal the BOTA's decision to the state district court with jurisdiction over his property for a trial de novo, or he may take his case directly to the Kansas Court of Appeals. Kan. Stat. Ann. § 74-2426(c)(4). And Mr. Allen does not argue that he cannot avail himself of those forums.[5] Thus, even if Mr. Allen could establish federal question jurisdiction over this lawsuit, we are barred from considering Mr. Allen's complaint under the Tax Injunction Act.

### III.    CONCLUSION

We AFFIRM the federal district court's order dismissing Mr. Allen's amended complaint without prejudice.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[5] Under the plain language of the Tax Injunction Act, it is no matter that a plaintiff has exhausted all his available state remedies. Rather, what matters is that "plain, speedy and efficient remed[ies] *may be had* in the courts of" the state. 28 U.S.C § 1341 (emphasis added). "When interpreting a statute, we begin by examining the statute's plain language, and if the statutory language is clear, our analysis ordinarily ends." *Seale v. Peacock*, 32 F.4th 1011, 1024 (10th Cir. 2022) (internal quotation marks omitted). Thus, even if Mr. Allen had availed himself of the available state remedies, we would lack subject matter jurisdiction.